CANNON & BYERS *v.* MARGARETT MORRIS.

**Fraudulent Conveyance—Transfer of Property.**

   A transfer of property, by a debtor to a stranger, for an ostensible consideration, not supported by competent evidence of fairness, and free from fraud, will not be upheld.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 11, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As decided by this court in *Whitaker vs. Barrett, 3 Bush, 413,* the recitals of a deed, when assailed by creditors as fraudulent, are not evidence as to persons not parties to it.

The other evidence in the case implies rather than repels the imputation of fraud.

The fact that a stranger appeared and bought a stock of goods, in gross, without invoice, and transferred them to the wife of a debtor who had failed in business, pretending to have paid $2,800 in cash, and this upon the sole consideration of love and affection, and then disappeared and not afterwards heard of or known at the place of business, is wholly insufficient to establish relationship, though it was said *he was her uncle,* or to repel the supposition that the goods were bought by the friends of the husband.

Certainly the fact of relationship, the situation of the donor and the probable ability and desire of an uncle to bestow such an uncommon gift upon a niece whom he had never before or since visited, or so far as this record shows even corresponded with, should be made out by some other evidence than the mere hearing he was the donor uncle by a single witness, else some reason assigned for this absence of evidence, generally so easily obtained as to real transactions.

The judgment is therefore reversed, with directions to dismiss appellee's petition absolutely, and to dissolve the injunction granted thereon.

*Harlan, Weir,* for appellants.
*Sweeney & Stewart,* for appellees.